UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HURSEL FLOYD MITCHELL,<br><br>Plaintiff,<br><br>v.<br><br>SECURITY PACIFIC BANK, et al.,<br><br>Defendants. | CASE NO. 1:16-cv-00775-AWI-MJS<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF NO. 1)**<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Hursel Floyd Mitchell proceeds pro se and in forma pauperis in this complaint against Security Pacific Bank, Federal Credit Union, First Interstate Bank, Bank of America, Citibank, Valley Oak Bank, and JP Morgan Chase.

**I.     Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the complaint to determine if it states a cognizable claim. The Court must dismiss a complaint or portion thereof if it determines that the action has raised claims that are legally "frivolous or malicious," "fails to state a claim upon which relief may be granted," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915(e)(2)(B). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.     Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

**III.    Plaintiff's Allegations**

Plaintiff's allegations are indecipherable. He appears to allege that he at one time had a loan and an investment portfolio from financial institutions in Texas that provided weekly deposits to his account. His social security benefits were committed to "IHSS" and "DSS." Plaintiff later opened accounts with Defendants Security Pacific Bank, First Interstate Bank, Bank of America, and Federal Credit Union. The accounts all had assets over $10,000 and "hidden" assets over $1,000,000. These institutions also were brokerage firms. The firms offered legal document services but did not provide them. Plaintiff appears to allege that he has an account or accounts that were charged overdraft fees, fines, transaction fees, and interest, leading to the account or accounts being closed.

He asks that hearings be held based on "SBE" records concerning the arrests of bankers and mental health holds. He asks for discovery and for JP Morgan Stanley to be required to submit documentation.

He attaches various documents to his complaint, the import of which are not clear. Nonetheless, the documents appear to reflect that Plaintiff underwent a series of financial and mental health difficulties that led to him becoming homeless.

**IV.    Analysis**

Plaintiff's complaint must be dismissed on several grounds.

First, the Court may dismiss a complaint for failure to state a claim if it does not "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). Because Plaintiff's complaint is largely unintelligible, no defendant could be expected to defend itself effectively on Plaintiff's allegations.

Second, the complaint fails to satisfy the requirements of Federal Rule of Civil Procedure 8. The complaint does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and the allegations are not "simple, concise, and direct," Fed. R. Civ. P. 8(d)(1). "Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995). In this case, the complaint, even when construed liberally, fails to meet the most minimal standards required by Rule 8.

Lastly, in order to state a claim in a United States District Court, Plaintiff must establish federal jurisdiction. Federal courts can adjudicate only those cases in which the United States Constitution and Congress authorize them to adjudicate. These generally are limited to cases involving diversity of citizenship (in which the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states), or a federal question, or to which the United States is a party. 28 U.S.C. §§ 1331 and 1332; See also Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994); Finley v. United

States, 490 U.S. 545 (1989). Here, Plaintiff has failed to establish that federal jurisdiction exists as the United States is not a party in this action and no federal question is presented. Similarly, the complaint does not allege that the parties are citizens of different states or that the matter in controversy is more than $75,000.00.

## V.    Conclusion and Order

Plaintiff's complaint is unintelligible and must be dismissed for failure to state a claim, failure to meet the most basic requirements of Rule 8, and failure to establish a basis for federal jurisdiciton. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff chooses to amend, he must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed without prejudice;
2. Within thirty (30) days from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal; and
3. If Plaintiff fails to file an amended complaint or notice of voluntary dismissal, the Court will recommend the action be dismissed for failure to comply with a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:  March 9, 2017              /s/ *Michael J. Seng*
                                                  UNITED STATES MAGISTRATE JUDGE