UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HURSEL FLOYD MITCHELL,<br><br>Plaintiff,<br><br>v.<br><br>SECURITY PACIFIC BANK, et al.,<br><br>Defendants. | CASE NO. 1:16-cv-00775-AWI-MJS<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>**(ECF NO. 10)**<br><br>**THIRTY (30) DAY OBJECTION DEADLINE** |

Plaintiff Hursel Floyd Mitchell proceeds pro se and in forma pauperis in this complaint against Security Pacific Bank, Federal Credit Union, First Interstate Bank, Bank of America, Citibank, Valley Oak Bank, and JP Morgan Chase.

His complaint was dismissed for failure to state a claim, but he was given leave to amend. (ECF No. 7.) His first amended complaint is before the Court for screening. (ECF No. 10.)

**I.      Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the complaint to determine if it states a cognizable claim. The Court must dismiss a

complaint or portion thereof if it determines that the action has raised claims that are legally "frivolous or malicious," "fails to state a claim upon which relief may be granted," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.     Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

**III.    Plaintiff's Allegations**

Plaintiff's allegations are, once again, indecipherable. His complaint is comprised of a single page of randomly assembled legal phrases. It is devoid of factual allegations. He attaches various documents to his complaint, the import of which are not clear. At best, the documents may be read to reflect that Plaintiff has minimal income and is suffering financial difficulties, presumably at the hands of Deefendants.

**IV.     Analysis**

Plaintiff's complaint must be dismissed on several grounds.

First, the Court may dismiss a complaint for failure to state a claim if it does not "contain sufficient allegations of underlying facts to give fair notice and to enable the

opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). Because Plaintiff's complaint is largely unintelligible, no defendant could be expected to defend itself effectively on Plaintiff's allegations.

Second, the complaint fails to satisfy the requirements of Federal Rule of Civil Procedure 8. The complaint does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and the allegations are not "simple, concise, and direct," Fed. R. Civ. P. 8(d)(1). "Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995). In this case, the complaint, even when construed liberally, fails to meet the most minimal standards required by Rule 8.

Lastly, in order to state a claim in a United States District Court, Plaintiff must establish federal jurisdiction. Federal courts can adjudicate only those cases in which the United States Constitution and Congress authorize them to adjudicate. These generally are limited to cases involving diversity of citizenship (in which the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states), or a federal question, or to which the United States is a party. 28 U.S.C. §§ 1331 and 1332; See also Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994); Finley v. United States, 490 U.S. 545 (1989). Here, Plaintiff has failed to establish that federal jurisdiction exists as the United States is not a party in this action and no question – let alone a federal question – can be discerned. Similarly, the complaint does not allege that the parties are citizens of different states or that the matter in controversy is more than $75,000.00.

**V.    Conclusion and Recommendation**

Plaintiff's complaint is unintelligible and must be dismissed for failure to state a claim, failure to meet the most basic requirements of Rule 8, and failure to establish a basis for federal jurisdiciton. Plaintiff previously was advised of these pleading defects

and given the opportunity to cure them. (ECF No. 7.) He failed to do so. Further leave to amend appears futile and should be denied.

Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's complaint be dismissed without leave to amend, and that the action be closed.

The findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **thirty** (30) days after being served with the findings and recommendation, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: April 14, 2017      /s/ *Michael J. Seng*
                          UNITED STATES MAGISTRATE JUDGE